UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANSIDE ORGANICS; OCEANSIDE FARM TO TABLE, INC.; ALAN SHELTON; JUSTINE SHELTON; RON MIROLLA; LISA RIGG; MICHAEL WINKLEMAN; SARAH DYAL; ANTHONY CARBONNE; RICHARD DAVIS; DAVID SNYDER; DUANE LEWIS; SANDRA LEWIS; WAYNE LARSON; SHAWN SMITH; KYLE SNELLER; BUCK HUTCHERSON; LOGAN PIERCE; BROOK BISHOP; RON BOCIAN,<br><br>                                   Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM GORE; TIM CLARK; MATT STEVENS; and DOES 1-10 inclusive,<br><br>                                   Defendants. | Case No.: 15-CV-854 JLS (MDD)<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, FILED ON BEHALF OF DEFENDANTS COUNTY OF SAN DIEGO, WILLIAM GORE, TIM CLARK AND MATT STEVENS**<br><br>(ECF No. 25) |

Presently before the Court is a Motion to Dismiss Plaintiffs' First Amended Complaint, Filed on Behalf of Defendants County of San Diego, William Gore, Tim Clark

and Matt Stevens (the "County Defendants").  (MTD, ECF No. 25.)  Also before the Court is Plaintiffs' Response in Opposition to (Opp'n, ECF No. 27) and the County Defendants' Reply in Support of (Reply, ECF No. 29) the County Defendants' MTD.   Having considered the parties' arguments and the law, the Court **GRANTS** the County Defendants' MTD.

## BACKGROUND

Plaintiff Oceanside Organics is a "closed loop marijuana collective" operating in San Diego County, California.  (FAC ¶19, ECF No. 23.)  The other plaintiffs are Oceanside Organics' eighteen individual members and a corporation formed to purchase the property upon which Oceanside Organics grows its medical marijuana.  (*Id.* at ¶¶ 3–18, 20.)

Plaintiffs agreed to contact local law enforcement to ensure the legality and compliance of their collective. (*Id.* at ¶ 28.)  In mid-July 2014, Plaintiffs' counsel contacted Defendant Tim Clark, a Deputy Sheriff with the San Diego County Sheriff's Department. (*Id.* at ¶¶ 22, 29.)  In the course of their correspondence, Plaintiffs' counsel provided to Defendant Clark "copies of all valid recommendations" for medical marijuana.  (*Id.* at ¶ 30.)  Plaintiffs also "acquired state medical marijuana cards as requested by [D]eputy Clark."  (*Id.*)  According to Plaintiffs' counsel, "Deputy Clark repeatedly indicated to [Plaintiffs' counsel] that no legal action would be taken against the collective operation and that nobody at the cultivation site would be subject to arrest." (*Id.*)

Nevertheless, "Deputy Clark conspired with [D]eputy Stevens[, another Deputy Sheriff with the San Diego County Sheriff's Department,] to have an illegal search warrant issued which was based on a knowingly false affidavit."  (*Id.* at ¶¶ 23, 31.)  On September 12, 2014, Plaintiffs' property was raided (*id.* at ¶¶ 29, 32), and Plaintiffs Shawn Smith and Kyle Sneller were arrested by Defendants Clark and Stevens "without probable cause" (*id.* at ¶¶ 14, 15, 29, 32, 50, 55).  "At the time of the raid . . . , there were over 20 valid members of the collective and 31 medical marijuana plants on site."  (*Id.* at ¶ 32.)

As a result of Defendants' actions, Plaintiffs "suffered loss of illegally confiscated medical marijuana, intentional infliction of emotional distress, negligent infliction of

emotional distress, false arrest, [and] violation of civil rights under the Constitution of the United . . . States and the State of California." (*Id.* at ¶ 33.) Plaintiffs further allege that

> [t]he County of San Diego, through the actions of the Board of Supervisors, the District Attorney's Office and the Sheriff's Department[,] maintain a custom, policy and practice of violating the legal rights of valid medical marijuana patients in San Diego County by failing to properly train and supervise deputies regard the obligation of the deputies to follow the statutory scheme created by the citizens of the State of California to allow cultivation of marijuana in California for medical use, by creating and allowing an environment in which deputies are encouraged and allowed to violate[] their oath to uphold the laws of the State of California, by creating and allowing an environment in which deputies are encouraged and allowed to violate the laws of the State of California, by creating and allowing an environment for illegal searches, false search warrant affidavits, false arrests and false criminal prosecutions are encouraged and allowed, by ratifying this illegal conduct of their deputies and by creating and allowing an environment in which deputies are encouraged and allowed to violate the guidelines of the Attorney General for the State of California regarding the security and non-diversion of marijuana grown for medical use in the State of California.

(*Id.* at ¶ 25.)  "As a proximate result of the custom, policy and practice of the County of San Diego an illegal warrant was issued, [and] illegal raid . . . t[ook] place . . . ." (*Id.* at ¶ 39.)

On April 17, 2015, Plaintiffs filed their original Complaint, setting forth six causes of action against Defendants Stevens and Clark or "all Individual Defendants" under both 42 U.S.C. § 1983 ("Section 1983") and California law.  (ECF No. 1 at ¶¶ 40–64.)  Plaintiffs also alleged a separate cause of action under Section 1983 against Defendants County of San Diego and the San Diego County Sheriff's Department.  (*Id.* at ¶¶ 35–39.)  The Complaint also named Sheriff William Gore as a defendant, alleging only that he "is the chief policymaker and decision maker for the San Diego County Sheriff's Department on all issues regarding proper police training."  (*Id.* at ¶ 21.)

1    The County Defendants filed their MTD on June 22, 2015 (ECF No. 5), and

2  Plaintiffs filed their Request for Preliminary Injunction on June 25, 2015.  (ECF No. 7.)

3  On November 30, 2015, the Court granted the County Defendants' MTD and denied

4  Plaintiffs' Request for Preliminary Injunction.  (ECF No. 22.)

5    Plaintiffs filed a First Amended Complaint (FAC) on February 17, 2016 (ECF No.

6  23), and Defendants filed the instant MTD on March 2, 2016.  (ECF No. 25.)

7                                    **MOTION TO DISMISS**

8  **I.    Legal Standard**

9    Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the

10  defense that the complaint "fail[s] to state a claim upon which relief can be granted,"

11  generally referred to as a motion to dismiss.  The Court evaluates whether a complaint

12  states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

13  Procedure 8(a), which requires a "short and plain statement of the claim showing that the

14  pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual

15  allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-

16  me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

17  *Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "a plaintiff's obligation to provide

18  the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and

19  a formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at

20  555 (alteration in original).  "Nor does a complaint suffice if it tenders 'naked assertion[s]'

21  devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (alteration in original)

22  (quoting *Twombly*, 550 U.S. at 557).

23    "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

24  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting

25  *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible

26  when the facts pled "allow[] the court to draw the reasonable inference that the defendant

27  is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to

28  say that the claim must be probable, but there must be "more than a sheer possibility that a

4

defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## II.   Analysis

### A. First Cause of Action: Violation of Civil Rights (Section 1983) Against County Defendants (**Monell** Theory of Liability)

Plaintiffs' first cause of action claims violation of civil rights under Section 1983 against the County Defendants. A government entity may not be held liable under Section 1983 unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978). To establish liability for governmental entities under *Monell*, a "plaintiff must show: (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (alterations in original) (quoting *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)) (internal quotation marks omitted).

[T]here are three ways to show a policy or custom of a

municipality: (1) by showing "a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."

*Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (quoting *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002)). "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) (emphasis removed) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion)). Although "[p]reviously, the Ninth Circuit held that a *Monell* claim was sufficient to withstand a motion to dismiss even if the claim was based on 'nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice,' *Warner v. Cnty. of San Diego*, No. 10CV1057 BTM BLM, 2011 WL 662993, at *3 (S.D. Cal. Feb. 14, 2011) (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988)), "since then, *Twombly* and *Iqbal* have made it clear that conclusory allegations that merely recite the elements of a claim are insufficient for 12(b)(6) purposes," *id.*

The County Defendants move to dismiss the FAC because Plaintiffs fail to show an underlying constitutional deprivation and to state any plausible *Monell* claim under any of the three mandatory elements to establish liability. (MTD 17–23, ECF No. 25.)[1] Plaintiffs counter that they are "constitutionally protected from illegal police behavior." (Opp'n 4, ECF No. 27.) Plaintiffs again allege that *Monell* liability may be imposed for a failure to properly train and supervise deputies, (FAC ¶ 37, ECF No. 23) however the County Defendants contend that Plaintiffs have failed to "allege <u>any</u> manifestations of inadequate

---

[1] For ease of reference, page citations to docketed materials refer to the CM/ECF page number.

training or supervision of Sheriff's deputies, outside of their own experience; nor do they allege a County policymaker had prior notice of any such inadequacy." (Reply 7, ECF No. 29.)

In particular, Plaintiffs allege that

> the County of San Diego . . . maintain a custom, policy and practice of violating the legal rights of valid medical marijuana patients in San Diego County by failing to properly train and supervise deputies regarding the obligation of the deputies to follow the statutory scheme created by the citizens of the State of California to allow cultivation of marijuana in California for medical use, by creating and allowing an environment in which deputies are encouraged and allowed to violate[] their oath to uphold the laws of the State of California, by creating and allowing an environment in which deputies are encouraged and allowed to violate the laws of the State of California, by creating and allowing an environment in which illegal searches, false search warrant affidavits, false arrests and false criminal prosecutions are encouraged and allowed and by creating and allowing an environment in which deputies are encouraged and allowed to violate the guidelines of the Attorney General for the State of California regarding the security and non-diversion of marijuana grown for medical use in the State of California.

(FAC ¶ 37, ECF No. 23.)  Plaintiffs additionally re-allege that, "[a]s a proximate result of the custom, policy and practice of the County of San Diego an illegal warrant was issued, an illegal raid did take place on September 12, 2014 and plaintiffs suffered mentally and emotionally and suffered economic loss . . . ." (*Id.* at ¶ 39.)  Plaintiffs add that Defendant "GORE is the chief policymaker and decision maker for the San Diego County Sheriff's Department on all issues regarding proper police training for the San Diego County Sheriff's Department." (*Id.* at ¶ 21 (emphasis in original).)

The Court finds again that these allegations are indistinguishable from those rejected as insufficient by the Ninth Circuit in *Dougherty v. City of Covina*, 654 F.3d 892 (9th Cir. 2011):

> Here, [plaintiff]'s *Monell* and supervisory liability claims lack

7

any factual allegations that would separate them from the "formulaic recitation of a cause of action's elements" deemed insufficient by *Twombly*. . . . [Plaintiff] alleged only that (1) "Defendant CITY's policies and/or customs caused the specific violations of Plaintiff's constitutional rights at issue in this case[ ]" and (2) "Defendant CITY's polices and/or customs were the moving force and/or affirmative link behind the violation of the Plaintiff's constitutional rights and injury, damage and/or harm caused thereby." The Complaint lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that his constitutional deprivation was the result of a custom or practice of the [Defendant] City . . . or that the custom or practice was the "moving force" behind his constitutional deprivation. . . . [Plaintiff] failed to plead "enough facts to state a claim to relief that is plausible on its face." . . . Therefore, we affirm the district court's dismissal of these claims.

*Dougherty*, 654 F.3d at 900–01 (quoting *Twombly*, 550 U.S. at 555, 570); *see also Lopez v. Cnty. of Los Angeles*, No. CV 15-01745 MMM MANX, 2015 WL 3913263, at *8 (C.D. Cal. June 25, 2015) ("[P]laintiffs do little more than recite the elements of a municipal liability claim. This is not sufficient under *Twombly* and *Iqbal*."); *Warner*, 2011 WL 662993, at *4 ("Here, Plaintiffs' *Monell* claim consists of formulaic recitations of the existence of unlawful policies, customs, or habits. Plaintiffs do not allege any specific facts giving rise to a plausible *Monell* claim."). Consequently, the Court **GRANTS** the County Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' first cause of action.

### B. Second Cause of Action: Conspiracy to Violate Civil Rights (Section 1983) Against All Individual Defendants

With respect to their second cause of action for conspiracy to violate civil rights, Plaintiffs similarly allege that "all individual named defendants herein acted in concert and conspired to intentionally have plaintiffs subjected to false arrest and illegal and false confiscation of legally grown medical marijuana." (FAC ¶ 41, ECF No. 23.) Plaintiffs further allege that "the conduct of all individual defendants herein was motivated by evil

8

motive and intent" (*id.* at ¶ 43), and that "all individual defendants named herein exhibit reckless and callous indifference to the plaintiffs['] rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of California" (*id.* at ¶ 44).

The Ninth Circuit has explained that "[c]onspiracy is not itself a constitutional tort under § 1983. . . .  It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation."  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012) (citing *Cassettari v. Nev. Cnty.*, 824 F.2d 735, 739 (9th Cir. 1987) ("The insufficiency of these allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations.")).   The Court concludes that Plaintiffs have failed to state a constitutional violation due to insufficient allegations.  Using the word "conspiracy" and stating "it is exactly what happened" does not in fact create a conspiracy.  (Opp'n 4, ECF. No. 27.)  Additionally, Plaintiffs fail to provide any proof that deputies Clark and Stevens "conspired to swear a false affidavit" and "conspired at the scene to illegally arrest plaintiffs Sneller and Smith."   (*Id.*) Consequently, the Court **GRANTS** the County Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' second cause of action.

### C. Third Cause of Action: Violation of Civil Rights (Section 1983) Against Defendants Clark and Stevens

With respect to their third cause of action, Plaintiffs allege that

> Defendants maliciously and without probable cause caused an illegal search warrant affidavit to be sworn against plaintiffs, executed the illegal warrant issued upon said false affidavit and illegally confiscated and converted plaintiffs' legally grown medical marijuana upon false evidence to be issued for plaintiffs in violation of plaintiffs' rights to due process under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Constitution of the State of California.

(FAC ¶ 46, ECF No. 23.)   Plaintiffs further allege that "the conduct of all individual defendants herein was motivated by evil motive and intent."  (*Id.* at ¶ 47.)

To establish liability under Section 1983, Plaintiffs must show (1) that they were deprived of a right secured by the United States Constitution or a federal law and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)) (internal quotation marks omitted). Because Plaintiffs nowhere plead that the alleged deprivations were effected under color of state law, they have failed to state this legal theory along with sufficient facts to support this claim. *See Garcia v. City of Merced*, 637 F. Supp. 2d 731, 763 (E.D. Cal. 2008) ("Plaintiff[,] however, does not plead . . . that Defendants effected the deprivation of his right to be free from unreasonable search and seizure 'under color of law.'") (citing *Broam*, 320 F.3d 1028).

Even assuming the officers in question were acting under color of state law, however, Plaintiffs still fail to "state a claim to relief that is plausible on its face" no matter how their claim is construed. *Twombly*, 550 U.S. at 557. In particular, Plaintiffs failed to revise any part of their argument from their original Complaint, despite the Court's previous admonition that Plaintiffs' theory of liability lacked clarity. (*See* Order Granting MTD 13, ECF No. 22.) Therefore, a similar analysis will be presented, although the Court will not address Plaintiffs' Fourteenth Amendment claim because "Plaintiffs submit on the analysis on the Fourteenth Amendment." (Opp'n 4, ECF No. 27.)

Plaintiffs still "contend that liability for the illegal search warrant still attaches pursuant to the Fourth Amendment." (*Id.*) Although Plaintiffs again do not explicitly allege that Defendants violated their right to be free from unreasonable search and seizure (*see* FAC at ¶ 46, ECF No. 23), Plaintiffs do allege the procurement and execution of an "illegal warrant" and the "illegal[] confiscat[ion]" of their medical marijuana plants (*see id.*). It is therefore possible that Plaintiffs are attempting to state a claim under the Fourth Amendment. Nevertheless, the Court finds that Plaintiffs have failed to invoke judicial deception under the Fourth Amendment:

A person who knowingly or with reckless disregard for the truth

includes material false statements or omits material facts in an affidavit submitted in support of a warrant application may be liable under § 1983 for a Fourth Amendment violation. . . .  To state a claim for judicial deception . . . , "a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." . . .  Facts pled on "information and belief" are sufficient as long as the other *Iqbal-Twombly* requirements are satisfied.

*Johnson v. Shasta Cnty.*, 83 F. Supp. 3d 918, 925–26 (E.D. Cal. 2015) (citations omitted); *see also KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004).  Although Plaintiffs allege generally that "Deputy Clark conspired with deputy Stevens to have an illegal search warrant issued which was based upon a knowingly false affidavit in support of the warrant" (FAC ¶ 31, ECF No. 23), Plaintiffs fail to allege what false statements were made or that those statements were material to the finding of probable cause.  Additionally, Plaintiffs argue that the search warrant would not have issued "had the deputies not lied in the search warrant affidavit, had they included the information that the collective members had contacted them and had provided copies of all documentation, and [had] they included the truthful information that they themselves believed the operation to be compliant."  (Opp'n 4–5, ECF No. 27.)  However, these hypotheticals do not expand upon the lack of factual allegations in the FAC that purportedly support a theory of judicial deception.[2]  Plaintiffs therefore fail to plead a Fourth Amendment cause of action arising under a theory of judicial deception.  *See Johnson*, 83 F. Supp. 3d at 926 ("[Plaintiffs] have not sufficiently alleged the falsifications were 'material' to the finding of probable cause. . . .  Accordingly, . . . defendants' motion to dismiss . . . is GRANTED . . . .") (emphasis in original) (citing *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002)).

---

[2] Furthermore, these allegations only appear in Plaintiffs' opposition brief, and thus the Court cannot consider them for purposes of the instant motion to dismiss for failure to state a claim.  *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original).

15-CV-854 JLS (MDD)

1    The Court also cannot find that Plaintiffs have pled sufficient factual allegations to

2    support any other Fourth Amendment theory, such as the unlawful execution of a search

3    warrant or unlawful seizure of their property, given the allegations in Plaintiffs' FAC.  The

4    factual allegations here are similar to those rejected in *Rocha v. County of Tulare*, No. CV

5    F 13-0796 LJO GSA, 2013 WL 4046373 (E.D. Cal. Aug. 8, 2013), in which the district

6    court dismissed plaintiff's Fourth Amendment claim for failure to state a claim:

> The gist of the factual allegations are that given [plaintiff]'s
> recommendation, Deputy [Defendant] and others illegally
> searched [plaintiff]'s residence and seized marijuana . . . .  The
> [complaint] lacks facts to support that Deputy [Defendant] and
> others made false affidavits, forcibly entered [plaintiff]'s
> residence, were not entitled to execute the search warrant, and
> mistreated [plaintiff] . . . .  [Plaintiff]'s reliance on falsity of
> statements to support the search warrant are inadequate
> conclusions.  Neither the [complaint] nor [plaintiff] identify the
> false statements nor explain their falsity.  Merely alleging the
> search warrant is based on unidentified false statements is
> insufficient . . . .  An explanation as to falsity is necessary.

16   *Rocha*, 2013 WL 4046373, at *7.  Accordingly, the Court finds that Plaintiffs have failed

17   to plead sufficient facts that would allow this claim to be plausible on its face, whether

18   construed as a claim for violation of the Fourth Amendment of the United States

19   Constitution or violation of rights under the California Constitution. [3]  Consequently, the

---

[3] Plaintiffs' third cause of action also alleges "violation of plaintiffs' rights to due process under . . . the Constitution of the State of California."  (FAC ¶ 46, ECF No. 23.)  The discussion of Plaintiffs' federal claims resolves both the federal and state constitutional claims.  *See Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 705 n.4 (9th Cir. 1992) ("California Constitution provides the same 'basic guarantee' as the Fourteenth Amendment.") (citing *Payne v. Superior Court*, 17 Cal. 3d 908, 914 n.3 (1976) (en banc)); *Arroyo v. Tilton*, No. 1:11-CV-01186 DLB PC, 2012 WL 1551655, at *7 (E.D. Cal. Apr. 30, 2012) ("[T]he Article I, Section 1 privacy clause of the California Constitution has not been held to establish a broader protection than that provided by the Fourth Amendment of the United States Constitution.") (citing *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 903 (9th Cir. 2008); *Sanchez v. Cnty. of San Diego*, 464 F.3d 916, 943 (9th Cir. 2006)); *Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1065 (E.D. Cal. 2009) ("California's constitutional ban on unreasonable searches and seizures is 'similar' to the Fourth Amendment's . . . .  Thus, it is appropriate to consider Fourth Amendment jurisprudence in analyzing a claim that is based on a purported violation of California's similar constitutional provision.")

Court **GRANTS** the County Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' third cause of action.

> ### D. Fourth and Fifth Causes of Action: False Arrest/Malicious Prosecution (State Law and Section 1983) Brought by Plaintiffs Sneller and Smith Against Defendants Clark and Stevens

Regarding the state law claim, Plaintiffs Sneller and Smith re-allege that "Defendants Clark and Stevens falsely, intentionally and maliciously arrested Plaintiffs Smith and Sneller without probable cause and despite the fact that defendants Clark and Stevens knew at all times that . . . plaintiffs were engaged in legal conduct under the laws of the State of California." (FAC ¶ 50, ECF No. 23.) Regarding the Section 1983 claim, Plaintiffs allege that "Defendants Clark and Stevens Plaintiffs Sneller and Smith intentionally and maliciously arrested plaintiffs Smith and Sneller without probable cause and recommended that false criminal charges be filed against them, despite the fact that defendants Clark and Stevens knew at all times that knew that plaintiffs were engaged in legal conduct under the laws of the State of California." (*Id.* at ¶ 55.) Plaintiffs further allege that these "illegal arrest[s]" "violated plaintiffs' rights under the laws of the State of California" (*id.* at ¶ 51) and "violat[ed] . . . plaintiffs' rights to due process under the Fourth and Fourteenth Amendments" (*id.* at ¶ 56).

False imprisonment "is the unlawful arrest or detention of a person without a warrant, or by an illegal warrant, or a warrant illegally executed." *Garcia*, 637 F. Supp. 2d at 752 (quoting *Donati v. Righetti*, 9 Cal. App. 45, 48 (1908); *Mackie v. Ambassador Hotel & Inv. Corp.*, 123 Cal. App. 215, 220 (1932)); *see also Ross v. City of Ontario*, 66 F. App'x 93, 95 (9th Cir. 2003) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.") (quoting *Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959,

---

(citing *People v. Celis*, 33 Cal. 4th 667, 673 (2004); *Wood v. Emmerson*, 155 Cal. App. 4th 1506, 1514, 1526 (2007)).

964 (9th Cir. 2001)) (internal quotation marks omitted).  Because Plaintiffs have failed to show in their third cause of action that Defendants Clark and Stevens violated Plaintiffs' civil rights by illegally obtaining or executing the search warrant, Plaintiffs Sneller and Smith have also failed to state specific facts giving rise to plausible Section 1983 and state law claims for false arrest.[4]

Since Plaintiffs submit on the state law malicious prosecution claim (Opp'n 5, ECF No. 27), the Court will not further elaborate on the issue beyond what it explained in its order granting dismissal of the original Complaint.  (*See* Order Granting MTD 17–19, ECF No. 22.)  Accordingly, Plaintiffs fail to plead sufficient facts to support a plausible claim for relief in their fourth and fifth causes of action under both state law and Section 1983. Consequently, the Court **GRANTS** the County Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' fourth and fifth causes of action.

### E. Sixth Cause of Action: Conversion (State Law Claim) Against Defendants Clark and Stevens

In support of their sixth cause of action for conversion, Plaintiffs allege that "[a]ll individual defendants at all times alleged herein owed a duty to Plaintiffs to exercise due care towards Plaintiffs in the execution of their duties as sworn peace officers and to not illegally confiscate plaintiffs' property" (FAC ¶ 59, ECF No. 23), and that "as a proximate

---

[4] The Court further notes that

> [t]he showing of probable cause is therefore a defense to [plaintiff]'s false arrest claim under § 1983, as well as her common law claim for false arrest and false imprisonment under California law. . . .  "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime."

*Ross*, 66 F. App'x at 95 (citations omitted).  Plaintiffs' conclusory allegations do not suffice to demonstrate that Defendants Smith and Clark lacked probable cause.  *See Barrios v. Cnty. of Tulare*, No. 1:13-CV-1665 AWI GSA, 2014 WL 2174746, at *7 (E.D. Cal. May 23, 2014) ("With respect to the allegation that the warrant was issued without probable cause, the Complaint does not explain why probable cause is absent.").

result of defendants['] intentional and malicious conduct and the consequences proximately cause by it, as hereinabove alleged, plaintiffs suffered damages according to proof" (*id.* at ¶ 61).

"Conversion is the wrongful exercise of dominion over the property of another." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998); *see also Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010). "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci*, 68 Cal. App. 4th at 1066. "Conversion is a strict liability tort" and thus neither "the knowledge nor the intent of the defendant" are generally relevant. *Id.*

The Court agrees with Defendants that Plaintiffs have failed to show they were in "lawful possession of the 'confiscated' marijuana." (MTD 24–25, ECF No. 25.) For one, Plaintiffs' statement that it is "a legally established medical marijuana collective" is conclusory. (FAC ¶ 27, ECF No. 23.) Additionally, neither Plaintiffs' "willingness . . . to ensure legal compliance" (*id.* at ¶ 28) nor Plaintiffs' communications with Defendant Clark "to ensure that the collective cultivation operation was in full compliance with all applicable state laws" (*id.* ¶ 29, 30) demonstrate that Plaintiffs were, in fact, compliant with applicable state laws and thus in lawful possession of the marijuana. And even assuming Plaintiffs were in lawful possession of the marijuana, as discussed above Plaintiffs fail to plead that Defendants' seizure of the marijuana was pursuant to a "wrongful act," such as executing an illegally obtained warrant. Consequently, the Court **GRANTS** the County Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' sixth cause of action.

### F.   *Seventh Cause of Action: Violation of Rights Under California Civil Code Section 52.1 Against Defendants Clark and Stevens (State Law Claim)*

Plaintiffs allege that "[D]efendant Ritter owed a duty to plaintiffs to not violate their rights under California Civil Code Section 52.1. Defendants breached their duty owed to plaintiffs by, inter alia, illegally destroying plaintiffs' property, illegally arresting plaintiffs

Sneller and Smith and illegally recommending that false felony charges be brought against plaintiffs Sneller and Smith." (FAC ¶ 63, ECF No. 23.) Plaintiffs additionally allege "[a]s a proximate result of defendants' conduct plaintiffs' rights under the laws and Constitution of the State of California were violated and plaintiffs damaged thereby." (*Id.* at ¶ 64.)

California Civil Code Section 52.1 "authorizes an action at law, a suit in equity, or both, against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." *Jones v. Kmart Corp.*, 17 Cal. 4th 329 (1998). "The word 'interferes' as used in [Section 52.1] means 'violates.'" *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883, (2007). "The essence" of a Section 52.1 claim is that the defendant, "by the *specified* improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the *right* to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Id.* (emphasis added).

The Court finds that Plaintiffs have failed to plead sufficient facts to support a plausible claim for relief under their seventh cause of action. In particular, and as discussed above, Plaintiffs fail to allege that they were in lawful possession of the marijuana such that their possession might qualify as a right secured by state law for purposes of Section 52.1. And even if Plaintiffs had lawful possession of the marijuana, Plaintiffs also fail to plead sufficient facts to support a plausible claim that Defendants illegally procured or executed a search warrant, which might otherwise support a claim that Defendants "interfered" with Plaintiffs' possession through "coercion." Nor do Plaintiffs provide any other facts to support their claim that Defendants interfered with their rights—if any— through "threats, intimidation or coercion." *Austin B.*, 149 Cal. App. 4th at 883. Consequently, the Court **GRANTS** the County Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' seventh cause of action.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

In light of the foregoing, the Court (1) **GRANTS** the County Defendants' Motion to Dismiss (ECF No. 25) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' causes of action.  Plaintiffs **SHALL FILE** an amended complaint, if any, <u>on or before November 4, 2016.</u>

**IT IS SO ORDERED.**

Dated:  October 20, 2016

Hon. Janis L. Sammartino
United States District Judge

15-CV-854 JLS (MDD)