UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANSIDE ORGANICS; OCEANSIDE FARM TO TABLE, INC.; ALAN SHELTON; JUSTINE SHELTON; RON MIROLLA; LISA RIGG; MICHAEL WINKLEMAN; SARAH DYAL; ANTHONY CARBONNE; RICHARD DAVIS; DAVID SNYDER; DUANE LEWIS; SANDRA LEWIS; WAYNE LARSON; SHAWN SMITH; KYLE SNELLER; BUCK HUTCHERSON; LOGAN PIERCE; BROOK BISHOP; RON BOCIAN, Plaintiffs, v. COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM GORE; TIM CLARK; MATT STEVENS; and DOES 1-10 inclusive, Defendants. | Case No.: 15-CV-854 JLS (MDD) **ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** (ECF No. 33) |

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. ("MTD," ECF No. 33.) Also before the Court is Plaintiffs' Response

in Opposition to, ("Opp'n," ECF No. 35), and Defendants' Reply in Support of, ("Reply," ECF No. 37), the MTD. Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Second Amended Complaint ("SAC").

## BACKGROUND

Plaintiff Oceanside Organics is a "closed loop marijuana collective" operating in San Diego County, California. (SAC ¶ 19, ECF No. 32.) The other plaintiffs are Oceanside Organics' eighteen individual members and a corporation formed to purchase the property upon which Oceanside Organics grows its medical marijuana. (*Id.* ¶¶ 3–18, 20.)

Plaintiffs agreed to contact local law enforcement to ensure the legality and compliance of their collective. (*Id.* ¶ 28.) In mid-July 2014, Plaintiffs' counsel contacted Defendant Tim Clark, a Deputy Sheriff with the San Diego County Sheriff's Department. (*Id.* ¶¶ 22, 29.) In the course of their correspondence, Plaintiffs' counsel provided to Defendant Clark "copies of all valid recommendations" for medical marijuana. (*Id.* ¶ 30.) Plaintiffs also "acquired state medical marijuana cards as requested by [D]eputy Clark." (*Id.*) According to Plaintiffs' counsel, "Deputy Clark repeatedly indicated to [Plaintiffs' counsel] that no legal action would be taken against the collective operation and that nobody at the cultivation site would be subject to arrest." (*Id.*)

Nevertheless, "Deputy Clark conspired with [D]eputy Stevens[, another Deputy Sheriff with the San Diego County Sheriff's Department,] to have an illegal search warrant issued which was based on a knowingly false affidavit." (*Id.* ¶¶ 23, 31.) Specifically, Defendants "falsely sw[ore] under oath that the marijuana was being cultivated illegally, despite the knowledge of both [Defendants] that the marijuana was being cultivated legally." (*Id.* ¶ 31.) On September 12, 2014, Plaintiffs' property was raided, (*id.* ¶¶ 29, 32), and Plaintiffs Shawn Smith and Kyle Sneller were arrested by Defendants Clark and Stevens "without probable cause," (*id.* ¶¶ 14, 15, 29, 32, 50, 55). "At the time of the raid . . . , there were over 20 valid members of the collective and 31 medical marijuana plants on site." (*Id.* ¶ 32.)

As a result of Defendants' actions, Plaintiffs "suffered loss of illegally confiscated medical marijuana, intentional infliction of emotional distress, negligent infliction of emotional distress, false arrest, [and] violation of civil rights under the Constitution of the United . . . States and the State of California." (*Id.* ¶ 33.) Plaintiffs further allege that

> The County of San Diego, through the actions of the Board of Supervisors, the District Attorney's Office and the Sheriff's Department maintain a custom, policy and practice of violating the legal rights of valid medical marijuana patients in San Diego County by failing to properly train and supervise deputies regarding the obligation of the deputies to follow the statutory scheme created by the citizens of the State of California to allow cultivation of marijuana in California for medical use, by creating and allowing an enviroment [sic] in which deputies are encouraged and allowed to violated their oath to uphold the laws of the State of California, by creating and allowing an environment in which deputies are encouraged and allowed to violate the laws of the State of California, by creating and allowing an environment in which illegal searches, false search warrant affidavits, false arrests and false criminal prosecutions are encouraged and allowed, by ratifying this illegal conduct of their deputies and by creating and allowing an environment in which deputies are encouraged and allowed to violate the guidelines of the Attorney General for the State of California regarding the security and non-diversion of marijuana grown for medical use in the State of California as well as encouraged to violate prohibitions of the Constitution of the United States against false arrest without probable cause and illegal search and siezue [sic] through knowingly false search warrant affidavits.

(*Id.* ¶ 25.) "As a proximate result of the custom, policy and practice of the County of San Diego an illegal warrant was issued, [and the] illegal raid . . . t[ook] place . . . ." (*Id.* ¶ 39.)

On April 17, 2015, Plaintiffs filed their original Complaint, setting forth six causes of action against Defendants Stevens and Clark or "all Individual Defendants" under both 42 U.S.C. § 1983 ("Section 1983") and California law. (ECF No. 1 ¶¶ 40–64.) Plaintiffs also alleged a separate cause of action under Section 1983 against Defendants County of San Diego and the San Diego County Sheriff's Department. (*Id.* ¶¶ 35–39.) The Complaint

also named Sheriff William Gore as a defendant, alleging only that he "is the chief policymaker and decision maker for the San Diego County Sheriff's Department on all issues regarding proper police training." (*Id.* ¶ 21.)

The County Defendants filed their MTD on June 22, 2015 (ECF No. 5), and Plaintiffs filed their Request for Preliminary Injunction on June 25, 2015, (ECF No. 7). On November 30, 2015, the Court granted the County Defendants' MTD and denied Plaintiffs' Request for Preliminary Injunction. (ECF No. 22.)

Plaintiffs filed a First Amended Complaint ("FAC") on February 17, 2016 (ECF No. 23), and Defendants filed a MTD on March 2, 2016. (ECF No. 25.) The Court granted Defendants' MTD in its entirety on October 20, 2016. (ECF No. 31.)

Plaintiffs filed a Second Amended Complaint on November 4, 2016. (ECF No. 32.) Defendants filed the instant MTD on November 18, 2016. (ECF No. 33.)

## MOTION TO DISMISS

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

**II. Analysis**

### A. First Cause of Action: Violation of Civil Rights (Section 1983) Against County Defendants (**Monell** Theory of Liability)

Plaintiffs' first cause of action claims violation of civil rights under Section 1983 against Defendants County of San Diego and San Diego County Sheriff's Department, (collectively, the "County Defendants"). A government entity may not be held liable under Section 1983 unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978). To establish liability for governmental entities

under *Monell*, a "plaintiff must show: (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (alterations in original) (quoting *Oviatt ex rel. Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)) (internal quotation marks omitted).

> [T]here are three ways to show a policy or custom of a municipality: (1) by showing "a longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (2) "by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision"; or (3) "by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."

*Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008) (quoting *Ulrich v. City of S.F.*, 308 F.3d 968, 984–85 (9th Cir. 2002)). "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) (emphasis removed) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion)). Although "[p]reviously, the Ninth Circuit held that a *Monell* claim was sufficient to withstand a motion to dismiss even if the claim was based on 'nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice,' *Warner v. Cty. of San Diego*, No. 10CV1057 BTM BLM, 2011 WL 662993, at *3 (S.D. Cal. Feb. 14, 2011) (quoting *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988)), "since then, *Twombly* and *Iqbal* have made it clear that conclusory allegations that merely recite the elements of a claim are insufficient for 12(b)(6) purposes," *id.*

/ / /

Defendants move to dismiss the SAC because Plaintiffs fail to show an underlying constitutional deprivation and to state any plausible *Monell* claim under any of the three mandatory elements to establish liability. (MTD 14–20,[1] ECF No. 33.) Plaintiffs "acknowledge that there is no federal right to access . . . medical marijuana," but argue that they are "protected under the Fourth Amendment from illegal arrest and illegal siezure [sic] of property and from the custom, policy[,] and practice of a governmental entity that allows illegal police conduct." (Opp'n 4–5, ECF No. 35.) Plaintiffs again allege that *Monell* liability may be imposed for a failure to properly train and supervise deputies. (SAC ¶ 37, ECF No. 31.)

In particular, Plaintiffs allege that

> the County of San Diego, through the actions of the Board of Supervisors, the District Attorney's Office and the Sheriff's Department[,] maintain[s] a custom, policy and practice of violating the legal rights of the citizens of San Diego County by failing to properly train and supervise deputies regarding the obligation of the deputies to follow the statutory scheme created by the citizens of the State of California to allow cultivation of marijuana in California for medical use, by failing to properly train their deputies to honor the laws of the State of California and the Constitution of the United States prohibiting false search warrant affidavits and illegal searches and arrests, by creating and allowing an envirement [sic] in which deputies are encouraged and allowed to violate[] their oath to uphold the laws of the State of California and the Constitution of the United States, by creating and allowing an environment in which deputies are encouraged and allowed to violate the laws of the State of California, by creating and allowing an environment in which illegal searches, false search warrant affidavits, false arrests and false criminal prosecutions are encouraged, despite the knowledge of defendants, and each of them, that said conduct is in violation of the laws of the State of California and the Constitution of the United States and by creating and allowing an environment in which deputies are encouraged and allowed to

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

7

15-CV-854 JLS (MDD)

>                violate the guidelines of the Attorney General for the State of
>                California regarding the security and non-diversion of marijuana
>                grown for medical use in the State of California.

(*Id.*) Plaintiffs add that Defendant "GORE is the chief policymaker and decision maker for the San Diego County Sheriff's Department on all issues regarding proper police training for the San Diego County Sheriff's Department." (*Id.* ¶ 21 (emphasis in original).) And Plaintiffs supply a new allegation that "Defendant Clark admitted to attorney Callaway that it is the position of the San Diego Sheriff[']s Department that nomedical [sic] marijuana cultivation is permitted by the Sheriff[']s Deptarment [sic], despite the laws of the State of California permitting such cultivation."[2] (*Id.* ¶ 37.)

The Court finds that at least some of these allegations are non-conclusory, and thus sufficient at this stage to plausibly suggest the existence of a municipal custom. Specifically, Plaintiffs allege that the County of San Diego (1) fails "to properly train and supervise deputies regarding the obligation of the deputies to follow the statutory scheme created by the citizens of the State of California to allow cultivation of marijuana in California for medical use"; and (2) "creat[es] and allow[s] an environment in which deputies are encouraged and allowed to violate the guidelines of the Attorney General for the State of California regarding the security and non-diversion of marijuana grown for medical use in the State of California." These allegations, taken as true, are sufficient to give the County Defendants fair notice of the allegedly unlawful policies and practices in

///

---

[2] The Court agrees with Defendants that this allegation is unintelligible. (*See* MTD 17 n.5, ECF No. 33.) Perhaps Plaintiffs meant to say that the Sheriff's Department's position is that marijuana cultivation is not permitted, despite contrary California law, which is what Plaintiffs appear to argue in their Opposition. (*See* Opp'n 4, ECF No. 35.) But this allegation does not appear in the SAC. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original)). While Plaintiffs' inattention to detail in their pleading, such as myriad spelling and grammatical errors, does not generally affect the Court's analysis, in this case, it does.

place. *See, e.g.*, *Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 931 (E.D. Cal. 2015) (finding similar allegations sufficient at the pleading stage).

Nevertheless, because Plaintiffs fail to adequately plead an underlying constitutional violation, *see* Part II.B., *infra,* Plaintiffs' *Monell* claim necessarily fails. Consequently, the Court **GRANTS** Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' first cause of action.

### *B. Second Cause of Action: Conspiracy to Violate Civil Rights (Section 1983) Against All Individual Defendants*

With respect to their second cause of action for conspiracy to violate civil rights, Plaintiffs similarly allege that "all individual named defendants herein acted in concert and conspired to intentionally have plaintiffs subjected to false arrest, illegal police conduct and illegal and false confiscation of legally grown medical marijuana." (SAC ¶ 41, ECF No. 32.) Plaintiffs further allege that "the conduct of all individual defendants herein was motivated by evil motive and intent" (*id.* ¶ 43), and that "all individual defendants named herein exhibited reckless and callous indifference to the plaintiffs['] rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of California," (*id.* ¶ 44).

The Ninth Circuit has explained that "[c]onspiracy is not itself a constitutional tort under § 1983. . . . It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012) (citing *Cassettari v. Nev. Cty.*, 824 F.2d 735, 739 (9th Cir. 1987) ("The insufficiency of these allegations to support a section 1983 violation precludes a conspiracy claim predicated upon the same allegations.")).

The Court again concludes that Plaintiffs have failed to sufficiently allege an underlying constitutional violation and thus their conspiracy claim must fail. Specifically, Plaintiffs allege that

> Deputy Clark conspired with deputy Stevens to have an illegal search warrant issued which was based upon a knowingly false affidavit in support of the warrant. At all times mentioned herein, both defendants Clark and Stevens were aware that the collective members were operating legally. Defendants Clark and Stevens conspired to have defendant Stevens willfully and intentionally deceive the issuing magistrate by falsely swearing under oath that the marijuana was being cultivated illegally, despite the knowledge of both defendants Clark and Stevens that the marijuana was being cultivated legally. Both defendants Clark and Stevens were aware at all times that no probable cause existed to issue the warrant or conduct the illegal search, that plaintiffs had contacted defendant Clark and provided him with proof of the legal nature of the cultivation site, that defendant Clark had visited the site and indicated to attorney Callaway that the plaintiffs were in compliance with the laws of the State of California and that no legal action would be taken against the plaintiffs.

(SAC ¶ 31, ECF No. 32.)

As before, this paragraph is a litany of conclusions. The crux of these allegations is that Defendants Clark and Stevens "knew" that Plaintiffs' collective was "legal." But that is simply a conclusion that the Court cannot credit. Plaintiffs' conclusory statement that it operates "a legally established medical marijuana collective" does not plausibly establish that fact. (*Id.* ¶ 27.) And neither Plaintiffs' "willingness . . . to ensure legal compliance," (*id.* ¶ 28), nor Plaintiffs' communications with Defendant Clark "to ensure that the collective cultivation operation was in full compliance with all applicable state laws," (*id.* ¶¶ 29, 30), plausibly demonstrate that Plaintiffs were, in fact, compliant with applicable state laws and thus in lawful possession of the marijuana.

To be sure, Plaintiffs allege that "Callaway provided copies of all valid recommendations to deputy Clark to allow him to confirm the validity of said recommendations." (*Id.* ¶ 30.) But this does not plausibly establish that the collective *was* legal; it does, however, plausibly establish that Plaintiffs believed it to be so and hoped Defendant Clark would confirm the same. And Plaintiffs further allege that Defendant

Clark told attorney Callaway that Plaintiffs were in compliance with state law and that he would not take any legal action against them. (*Id.*) But this alone does not plausibly establish that the collective was legal or any wrongdoing on Defendant Clark's part for eventually "raiding" the collective; for instance, it is possible that, despite Defendant Clark's assurances, Plaintiffs were not in compliance with state law. It may well be, as Plaintiffs suggest, that the collective was legally operated. However, without more factual allegations supporting that conclusion, such as the documents Plaintiffs allegedly gave to Defendant Clark, the Court finds implausible Plaintiffs' conspiracy claim. Consequently, the Court **GRANTS** the County Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' second cause of action.

### *C. Third Cause of Action: Violation of Civil Rights (Section 1983) Against Defendants Clark and Stevens*

With respect to their third cause of action, Plaintiffs allege that

> Defendants knowingly, maliciously and without probable cause caused an illegal search warrant affidavit to be sworn against plaintiff in a deliberate effort to subvert the magistrate[']s neutral function in issuing warrants, executed the illegal warrant issued upon said false affidavit and illegally confiscated and converted plaintiffs' legally grown medical marijuana. Defendants['] lies and false evidence were in violation of plaintiffs' rights to due process and to be free from illegal police conduct under the Fourth and Fourteenth Amendments of the Constitution of the United States.

(SAC ¶ 46, ECF No. 32.) Plaintiffs further allege that "the conduct of all individual defendants herein was motivated by evil motive and intent." (*Id.* ¶ 47.)

To establish liability under Section 1983, Plaintiffs must show (1) that they were deprived of a right secured by the United States Constitution or a federal law and (2) that the deprivation was effected "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)) (internal quotation marks omitted). Once again, because Plaintiffs nowhere plead that the

alleged deprivations were effected under color of state law, they have failed to state this legal theory along with sufficient facts to support this claim. *See Garcia v. City of Merced*, 637 F. Supp. 2d 731, 763 (E.D. Cal. 2008) ("Plaintiff[,] however, does not plead . . . that Defendants effected the deprivation of his right to be free from unreasonable search and seizure 'under color of law.'" (citing *Broam*, 320 F.3d 1028)).

Even assuming the officers in question were acting under color of state law, however, Plaintiffs again fail to "state a claim to relief that is plausible on its face" no matter how their claim is construed. *Twombly*, 550 U.S. at 557. Plaintiffs have failed to revise any part of their argument from their original Complaint, despite the Court's two previous admonitions that Plaintiffs' theory of liability lacked clarity. (*See* Order Granting MTD 13, ECF No. 22; FAC MTD Order 10, ECF No. 31.) Therefore, the Court presents a similar analysis, although the Court will not address Plaintiffs' Fourteenth Amendment claim because Plaintiffs have "withdraw[n] that claim."[3] (Opp'n 8, ECF No. 35.)

Plaintiffs contend that Defendants are liable for "conspir[ing] to lie to the magistrate and falsely [telling] the magistrate that illegal activity was taking place when they knew, for fact, that it was not" in violation of the Fourth Amendment. (*Id.*) Although Plaintiffs again do not explicitly allege that Defendants violated their right to be free from unreasonable search and seizure, (*see* SAC ¶ 46, ECF No. 23), Plaintiffs do allege the procurement and execution of an "illegal warrant" and the "illegal[] confiscat[ion]" of their medical marijuana plants, (*see id.*). It is therefore possible that Plaintiffs are attempting to state a claim under the Fourth Amendment. Nevertheless, the Court finds that Plaintiffs have failed to invoke judicial deception under the Fourth Amendment:

> A person who knowingly or with reckless disregard for the truth includes material false statements or omits material facts in an affidavit submitted in support of a warrant application may be

---

[3] The Court notes that Plaintiffs similarly included—and withdrew—this claim in their FAC. (*See* FAC MTD Order 10, ECF No. 31.) This may be another instance of Plaintiffs' inattention to detail in revising their pleadings.

> liable under § 1983 for a Fourth Amendment violation. . . . . To state a claim for judicial deception . . . , "a § 1983 plaintiff must show that the investigator 'made deliberately false statements or recklessly disregarded the truth in the affidavit' and that the falsifications were 'material' to the finding of probable cause." . . . . Facts pled on "information and belief" are sufficient as long as the other *Iqbal-Twombly* requirements are satisfied.

*Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 925–26 (E.D. Cal. 2015) (citations omitted); *see also KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004). Plaintiffs' claim fails for at least two reasons. First, Plaintiffs fail to allege that any statement was material to the issuing of the warrant.[4] This alone is fatal to their claim. *See Johnson*, 83 F. Supp. 3d at 926 ("[Plaintiffs] have not sufficiently alleged the falsifications were 'material' to the finding of probable cause. . . . . Accordingly, . . . defendants' motion to dismiss . . . is GRANTED . . . ." (emphasis in original) (citing *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002))). Second, Plaintiffs allege that "Defendants Clark and Stevens . . . falsely sw[ore] under oath that the marijuana was being cultivated illegally, despite [knowing] . . . that the marijuana was being cultivated legally." (SAC ¶ 31, ECF No. 32.) While this statement might otherwise be sufficient, Plaintiffs, as discussed above, *supra* Part II.B, fail to plausibly demonstrate either that (1) Plaintiffs' collective was, in fact, legally operated, and (2) Defendants Clark and Stevens knew the same. Plaintiffs therefore fail to plead a Fourth Amendment cause of action arising under a theory of judicial deception.

Furthermore, Plaintiffs fail to plead sufficient factual allegations to support any other Fourth Amendment theory, such as the unlawful execution of a search warrant or unlawful seizure of their property. The factual allegations here are similar to those rejected in *Rocha*

---

[4] Plaintiffs appear to allege materiality in their Opposition. (*See* Opp'n 8, ECF No. 35.) But the Court again reminds Plaintiffs that because these allegations only appear in Plaintiffs' opposition brief, the Court cannot consider them for purposes of the instant motion to dismiss for failure to state a claim. *See Schneider*, 151 F.3d at 1197 n.1. In other words, to be considered on a motion to dismiss, such allegations must appear in the operative complaint.

*v. County of Tulare*, No. CV F 13-0796 LJO GSA, 2013 WL 4046373 (E.D. Cal. Aug. 8, 2013), in which the district court dismissed plaintiff's Fourth Amendment claim for failure to state a claim:

> The gist of the factual allegations are that given [plaintiff]'s recommendation, Deputy [Defendant] and others illegally searched [plaintiff]'s residence and seized marijuana . . . . The [complaint] lacks facts to support that Deputy [Defendant] and others made false affidavits, forcibly entered [plaintiff]'s residence, were not entitled to execute the search warrant, and mistreated [plaintiff] . . . . [Plaintiff]'s reliance on falsity of statements to support the search warrant are inadequate conclusions. Neither the [complaint] nor [plaintiff] identify the false statements nor explain their falsity. Merely alleging the search warrant is based on unidentified false statements is insufficient . . . . An explanation as to falsity is necessary.

*Rocha*, 2013 WL 4046373, at *7. More fundamentally, as discussed above, *supra* Part II.B, Plaintiffs fail to plausibly demonstrate that their collective was, in fact, legal, thus raising the specter that the "raid" was somehow unlawful under the Fourth Amendment. Accordingly, the Court finds that Plaintiffs have failed to plead sufficient facts that would allow this claim to be plausible on its face, whether construed as a claim for violation of the Fourth Amendment of the United States Constitution or violation of rights under the California Constitution.[5] Consequently, the Court **GRANTS** Defendants' MTD and

---

[5] Plaintiffs' third cause of action also alleges "violation of plaintiffs' rights to due process under . . . the Constitution of the State of California." (SAC ¶ 46, ECF No. 23.) The discussion of Plaintiffs' federal claims resolves both the federal and state constitutional claims. *See L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 705 n.4 (9th Cir. 1992) ("California Constitution provides the same 'basic guarantee' as the Fourteenth Amendment." (citing *Payne v. Superior Court,* 17 Cal. 3d 908, 914 n.3 (1976) (en banc))); *Arroyo v. Tilton*, No. 1:11-CV-01186 DLB PC, 2012 WL 1551655, at *7 (E.D. Cal. Apr. 30, 2012) ("[T]he Article I, Section 1 privacy clause of the California Constitution has not been held to establish a broader protection than that provided by the Fourth Amendment of the United States Constitution." (citing *Quon v. Arch Wireless Operating Co.*, 529 F.3d 892, 903 (9th Cir. 2008)); *Sanchez v. Cty. of San Diego*, 464 F.3d 916, 943 (9th Cir. 2006)); *Barsamian v. City of Kingsburg*, 597 F. Supp. 2d 1054, 1065 (E.D. Cal. 2009) ("California's constitutional ban on unreasonable searches and seizures is 'similar' to the Fourth Amendment's . . . . Thus, it is appropriate to consider Fourth Amendment jurisprudence in analyzing a

**DISMISSES WITHOUT PREJUDICE** Plaintiffs' third cause of action.

### D. Fourth and Fifth Causes of Action: False Arrest/Malicious Prosecution (State Law and Section 1983) Brought by Plaintiffs Sneller and Smith Against Defendants Clark and Stevens

Regarding the state law claim, Plaintiffs Sneller and Smith re-allege that "Defendants Clark and Stevens falsely, intentionally and maliciously arrested Plaintiffs Smith and Sneller without probable cause and despite the fact that defendants Clark and Stevens knew at all times that . . . plaintiffs were engaged in legal conduct under the laws of the State of California." (SAC ¶ 50, ECF No. 32.) Regarding the Section 1983 claim, Plaintiffs similarly allege that "Defendants Clark and Stevens falsely, intentionally and maliciously arrested plaintiffs Smith and Sneller without probable cause and recommended that false criminal charges be filed against them, despite the fact that defendants Clark and Stevens knew at all times that knew that defendant Clark had been contacted by attorney Callaway and had assured attorney Callaway that plaintiffs were engaged in legal conduct under the laws of the State of California." (*Id.* ¶ 55.) Plaintiffs further allege that these "illegal arrest[s]" "violated plaintiffs' rights under the laws of the State of California" (*id.* ¶ 51), and "violat[ed] . . . plaintiffs' rights to due process under the Fourth and Fourteenth Amendments," (*id.* ¶ 56).

False imprisonment "is the unlawful arrest or detention of a person without a warrant, or by an illegal warrant, or a warrant illegally executed." *Garcia*, 637 F. Supp. 2d at 752 (quoting *Donati v. Righetti*, 9 Cal. App. 45, 48 (1908)); *Mackie v. Ambassador Hotel & Inv. Corp.*, 123 Cal. App. 215, 220 (1932)); *see also Ross v. City of Ontario*, 66 F. App'x 93, 95 (9th Cir. 2003) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.") (quoting *Dubner v. City of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001)

---

claim that is based on a purported violation of California's similar constitutional provision." (citing *People v. Celis*, 33 Cal. 4th 667, 673 (2004); *Wood v. Emmerson*, 155 Cal. App. 4th 1506, 1514, 1526 (2007))).

(internal quotation marks omitted)). Because Plaintiffs have failed to show in their third cause of action that Defendants Clark and Stevens violated Plaintiffs' civil rights by illegally obtaining or executing the search warrant, Plaintiffs Sneller and Smith have also failed to state specific facts giving rise to plausible Section 1983 and state law claims for false arrest.[6]

After dropping their malicious prosecution claim in their FAC pursuant to the Court's first MTD order, (*see* FAC MTD Opp'n 5, ECF No. 27), Plaintiffs appear to have re-alleged malicious prosecution in their SAC, (*see* SAC ¶¶ 49–53, ECF No. 32). However, Plaintiffs have not argued against dismissing their malicious prosecution claim, (*see generally* Opp'n, ECF No. 35), and thus the Court will not further elaborate on the issue beyond what it explained in its Order granting dismissal of the original Complaint. (*See* Order Granting MTD 17–19, ECF No. 22.) Accordingly, Plaintiffs fail to plead sufficient facts to support a plausible claim for relief in their fourth and fifth causes of action under both state law and Section 1983. Consequently, the Court **GRANTS** Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' fourth and fifth causes of action.

/ / /

/ / /

/ / /

/ / /

---

[6] The Court further notes that

> [t]he showing of probable cause is therefore a defense to [plaintiff]'s false arrest claim under § 1983, as well as her common law claim for false arrest and false imprisonment under California law. . . . . "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime."

*Ross*, 66 F. App'x at 95 (citations omitted). Plaintiffs' conclusory allegations fail to demonstrate that Defendants Smith and Clark lacked probable cause. *See Barrios v. Cty. of Tulare*, No. 1:13-CV-1665 AWI GSA, 2014 WL 2174746, at *7 (E.D. Cal. May 23, 2014) ("With respect to the allegation that the warrant was issued without probable cause, the Complaint does not explain why probable cause is absent.").

*E. Sixth Cause of Action: Conversion (State Law Claim) Against Defendants Clark and Stevens*

In support of their sixth cause of action for conversion, Plaintiffs allege that "[a]ll individual defendants at all times alleged herein owed a duty to plaintiffs to exercise due care towards plaintiffs in the execution of their duties as sworn peace officers and to not illegally confiscate plaintiffs' property." (SAC ¶ 59, ECF No. 32.) Plaintiffs' SAC contains the additional allegation that "[a]ll individual defendants knew, at all times, that the Attorney General's Guidelines in the State of California precluded them from confiscating plaintiffs' property but defendants, and each of them, proceeded to illegally confiscate plaintiffs' property despite the fact that defendants knew at all times that plaintiffs had the full legal right to possess said property." (*Id.* ¶ 61.)

"Conversion is the wrongful exercise of dominion over the property of another." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998); *see also Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010). "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci*, 68 Cal. App. 4th at 1066. "Conversion is a strict liability tort" and thus neither "the knowledge nor the intent of the defendant" are generally relevant. *Id.*

The Court again agrees with Defendants that Plaintiffs have failed to show they were in lawful possession of the confiscated marijuana. *See supra* Part II.B. And even assuming Plaintiffs were in lawful possession of the marijuana, as discussed above, *supra* Part II.C, Plaintiffs fail to plead that Defendants' seizure of the marijuana was pursuant to a "wrongful act," such as executing an illegally obtained warrant. Consequently, the Court **GRANTS** Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' sixth cause of action.

/ / /

/ / /

/ / /

### F. Seventh Cause of Action: Violation of Rights Under California Civil Code Section 52.1 Against Defendants Clark and Stevens (State Law Claim)

Plaintiffs allege that Defendants

> owed a duty to plaintiffs to not violate their rights under California Civil Code Section 52.1. Defendants knew at all times that plaintiffs were legally exercising their rights under California law. Defendant Clark admitted that he knew plaintiffs' conduct was lawful. Defendants breached their duty owed to plaintiffs by, inter alia, conspiring to file a false search warrant affidavit illegally lying that probable cause to search and arrest existed when defendants, and each of them, knew that it did not exist, illegally destroying plaintiffs' property, illegally arresting plaintiffs Sneller and Smith and illegally recommending that false felony charges be brought against plaintiffs Sneller and Smith.

(SAC ¶ 63, ECF No. 32.) Plaintiffs additionally allege "[a]s a proximate result of defendants' conduct[,] plaintiffs' rights under the laws and Constitution of the State of California were violated and plaintiffs damaged thereby." (*Id.* ¶ 64.)

California Civil Code Section 52.1 "authorizes an action at law, a suit in equity, or both, against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 331 (1998). "The word 'interferes' as used in [Section 52.1] means 'violates.'" *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 883 (2007). "The essence" of a Section 52.1 claim is that the defendant, "by the *specified* improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the *right* to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Id.* (emphasis added).

The Court again finds that Plaintiffs have failed to plead sufficient facts to support a plausible claim for relief under their seventh cause of action. In particular, and as discussed above, *supra* Part II.B, Plaintiffs fail to allege that they were in lawful possession of the marijuana such that their possession might qualify as a right secured by state law for

purposes of Section 52.1. And even if Plaintiffs had lawful possession of the marijuana, Plaintiffs again fail to plead sufficient facts to support a plausible claim that Defendants illegally procured or executed a search warrant, which might otherwise support a claim that Defendants "interfered" with Plaintiffs' possession through "coercion." Nor do Plaintiffs provide any other facts to support their claim that Defendants interfered with their rights—whatever they may be—through "threats, intimidation or coercion." *Austin B.*, 149 Cal. App. 4th at 883. Consequently, the Court **GRANTS** Defendants' MTD and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' seventh cause of action.

## CONCLUSION

In light of the above, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 33). While the Court entertains serious doubts concerning Plaintiffs' ability to adequately re-plead their causes of action, especially since the Court has given Plaintiffs two opportunities to do so, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' SAC. Plaintiffs **SHALL FILE** an amended complaint, if any, <u>on or before fourteen (14) days of the date on which this Order is electronically docketed</u>. *Failure to file an amended complaint on this date may result in a dismissal of this case with prejudice*.

**IT IS SO ORDERED.**

Dated: April 18, 2017

*[signature]*
Hon. Janis L. Sammartino
United States District Judge